# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOYCE M. GRIGGS,** | |
| **Plaintiff,** | |
| **v.** | **1:17-cv-64-WSD** |
| **USAA CASUALTY INSURANCE COMPANY and OCWEN LOAN SERVICING COMPANY, LLC,** | |
| **Defendant.** | |

## <u>OPINION AND ORDER</u>

On January 5, 2017, Plaintiff Joyce M. Griggs ("Plaintiff") filed her Complaint [1], asserting state-law claims against Defendants USAA Casualty Insurance Company ("USAA") and Ocwen Loan Servicing Company, LLC ("Ocwen") (together, "Defendants").

Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  (Compl. ¶ 1).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  To show citizenship, "[r]esidence alone is not enough."  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there

indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.

Plaintiff's Complaint insufficiently alleges Plaintiff's citizenship.  The Complaint states that Plaintiff is a "resident" of Georgia.  (Compl. ¶ 3).  This allegation is insufficient to show Plaintiff's citizenship, because "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

Plaintiff's Complaint also insufficiently alleges the citizenship of Defendant USAA.  The Complaint alleges that USAA is "headquarter[ed] . . . at 9800 Fredericksburg Rd., San Antonio, Texas 78288 . . . ."  (Compl. ¶ 7).  This allegation is insufficient to show USAA's citizenship, because a corporation is a citizen both of the state in which the company was formed and in which it maintains its principal office.  See Rolling Greens, 374 F.3d at 1022.

Plaintiff's Complaint also insufficiently alleges the citizenship of Ocwen. The Complaint alleges that Ocwen "is based out of West Palm Beach, Florida and is a subsidiary of Ocwen Financial Group.  [Ocwen]'s Corporate headquarters is located at:  1661 Worthington Road, Suite 100 West Palm Beach, FL 33409." (Compl. ¶ 9).  Ocwen is a limited liability company.  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens, 374 F.3d at 1022.  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.

To determine whether the Court has jurisdiction over this action, the Complaint must allege more specific information regarding the citizenship of the parties.  Accordingly, Plaintiff is required to file an amended complaint properly alleging the citizenship of each party.  The Court notes it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

The Court will not allow Plaintiff any further opportunities to amend its Complaint to properly allege jurisdiction.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff, on or before January 27, 2017, shall file an amended complaint that adequately alleges the citizenship of the parties.

**SO ORDERED** this 11th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE